JOHN WILKINS, *administrator de bonis non, versus* ISAAC
W. PATTEN.

There were annuitants and also residuary legatees under a will. One of
the legatees, being indebted to the estate, gave his note therefor to the
executor, and afterwards transferred all his interest in the estate to one
of the annuitants, who soon afterwards purchased in all the rights of the
other annuitants and of the other residuary legatees. In an action upon
the note by the administrator *de bonis non*, for the use of such purchaser;
*held*, that said purchases were no defence.

EXCEPTIONS from the District Court, HATHAWAY, J. The
action was upon a note, as follows : —

" For value received, I promise to pay Leonard March, exe-
cutor, or order, fifty dollars on demand and interest."

The note was indorsed to the plaintiff.

Leonard March was executor of the will of Amos Patten.
Susan, widow of said Amos, and others, were annuitants
under said will, and the defendant and three others were
residuary legatees. March resigned his trust, and the plaintiff
was appointed administrator *de bonis non*. The note was
given for a debt due to the estate.

The defendant afterwards conveyed to said Susan all his
interest in the estate, and she afterwards acquired the interest
of all the residuary legatees, and also of all the annuitants.
Prior to the commencement of this suit, all the debts of the
estate had been paid.

The Judge instructed the jury that, if they were satisfied
that Susan Patten, at the commencement of this suit, and at
time of the trial, was the only person interested in said estate,
and that this action was commenced and prosecuted in the
plaintiff's name, for her sole benefit, it could not be main-
tained ; that the release from the defendant to Susan Patten
conveyed only the balance due him from the estate, and that
she being the only party in interest, and accepting that release,
the note in suit was canceled, so that no action could be
maintained thereon for her benefit.

A verdict was returned for defendant.

Wilkins v. Patten.

*W. P. Fessenden*, for plaintiff.

*J. & M. L. Appleton*, for defendant.

Howard, J — It appeard at the trial, that the note in suit was a part of the estate of Amos Patten, the testator ; that Susan Patten and others were annuitants under his will ; and that the defendant, John, Willis and Moses Patten, Jr., were his residuary legatees. On Nov. 16, 1842, the defendant conveyed to Susan Patten, by deed of quitclaim, for the consideration of $500, all of his estate, right, title and interest, use, trust, claim and demand, in and to all of the real and personal estate of the testator. On August 9, 1843, John Patten conveyed in like manner to her, all of his interest in the same estate ; and there was testimony tending to show that she acquired, subsequently, by purchase, all the interests of the other annuitants, and residuary legatees, to the same estate, and that the debts of Amos Patten were paid.

When Susan Patten purchased the interest of the defendant, it appears, from the evidence stated in the exceptions, that she had no other interest in the estate of the testator, then in the hands of the administrator, (the plaintiff,) than as an annuitant. She had no control, or right of control, over the estate of the deceased, or over the claims and interests of the other annuitants, and residuary legatees, and she could not, therefore, cancel the note of the defendant, which was then a part of that estate, and subject to the claims of all the annuitants and legatees. Her subsequent purchase of the interests of the other annuitants and legatees, did not alter the relation between the parties to this suit. Although she is now the only person interested in the estate of Amos Patten, she did not acquire such interest from the defendant, but in part. The law will regard and protect her subsequent purchases as readily as it will the previous purchase from the defendant.

The instructions of the presiding Judge cannot be supported to their full extent. *Exceptions sustained, and a new trial granted.*